# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTA GARCIA-GONZALEZ,<br><br>                    Petitioner,<br>vs.<br>ADRIANA ROSAS-CARRANZA, in her official capacity, et al.,<br><br>                    Respondents. | CASE NO. 08cv1063 WQH (RBB)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Ex Parte Request for Temporary Restraining Order (Doc. # 2).

### Background

On June 16, 2008, Petitioner Berta Garcia-Gonzalez initiated this action by filing the "Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief" ("Complaint") (Doc. # 1). The Complaint alleges that "Petitioner was taken into custody, paroled into the United States under 8 U.S.C. 1182 . . . and then released by the Department of Homeland Security's United States Customs and Border division on or around May 9, 2008. Petitioner's parole was valid until June 8, 2008." *Complaint,* ¶ 2. The Complaint alleges that on June 6, 2008, Petitioner filed an application for political asylum pursuant to section 208 of the Immigration and Nationality Act, codified at 8 U.S.C. 1158. *Id.,* ¶ 3. The Complaint alleges that on June 13, 2008, Respondent Adriana Rosas-Carranza "issued a Warrant for Arrest of Alien directing any officer of the Immigration and Naturalization Service to take Petitioner into custody." *Id.,* ¶ 5. The Complaint alleges that,

1  "[a]ccording to Officer Rosas-Carranza, Petitioner would be detained for an unknown period of time,
2  but would be given a 'credible fear' interview regarding her request for asylum, however Petitioner
3  would not be allowed to have the presence of counsel during the interview." *Id.,* ¶ 21. The Complaint
4  alleges that "[t]he process by which Officer Rosas-Carranza wants Petitioner to request political
5  asylum is under INA § 235," even though Petitioner filed for political asylum under section 208. *Id.,*
6  ¶ 22. The Complaint alleges that "Petitioner is not afforded the right to have counsel present" at the
7  credible fear interview if her asylum application were processed under section 235 "as she would if
8  her asylum application were processed under INA § 208." *Id.*

9  　　　　The Complaint alleges causes of action for violations of Petitioner's rights to substantive and
10 procedural due process. In support of both causes of action, the Complaint alleges that the "detention
11 and forcing of Petitioner to undergo the asylum process under INA § 235 rather than INA § 208
12 violates Petitioner's right to substantive and procedural due process by preventing her from having
13 counsel present during her application for asylum, and affording her time to prepare to present her
14 case." *Id.,* ¶¶ 25, 28. The Complaint requests that the Court "Grant the writ of habeas corpus;" issue
15 an order "enjoining Respondents from detaining Petitioner until her immigration matters are
16 resolved," "enjoining Respondents from not rescinding any and all outstanding warrants for arrest of
17 Petitioner until her immigration matters are resolved," and "enjoining Respondents from interfering
18 with petitioner's request for political asylum under INA § 208;" and award Petitioner reasonable costs
19 and attorneys' fees. *Complaint,* p. 6.

20 　　　　On June 16, 2008, Petitioner filed the Ex Parte Request for Temporary Restraining Order
21 ("Request for TRO"). Petitioner contends that "[s]uch a request is made on the grounds that the
22 United States Customs and Border Protection . . . has indicated that it intends to take Petitioner into
23 custody, detain her, and undergo a 'credible fear' interview outside the presence of counsel, rather
24 than letting her continue with her application for asylum under the procedure allowed through § 208
25 [o]f the INA." *Ex Parte Request for TRO,* p. 2. Petitioner contends that she has asserted her right to
26 apply for political asylum under section 208, that "Respondents want to take her back into custody
27 and have § 235 apply," and that "[s]uch a detention and application interferes with her due process
28 rights to apply for political asylum under § 208." *Id.* at 4. Petitioner requests that the Court issue a

1  TRO preventing Respondents from "detaining [Petitioner] and forcing her to apply for political
2  asylum under § 23[5]." *Id.* at 1, 4.

3  In support of the Request for TRO, Petitioner submitted the affidavit of her attorney Christian
4  M. Ramorino. Ramorino attests that on June 9, 2008, "I spoke with Officer Rosas-Carranza after I
5  faxed her proof that the asylum application had been received at the regional immigration processing
6  office," and that Rosas-Carranza "informed me that she wanted to take Petitioner into custody and
7  have her placed with a credible fear interview." *Ramorino Affidavit,* ¶¶ 5, 6. Ramorino attests that
8  on June 11, 2008, he spoke with Rosas-Carranza and informed her that if she still intended to take
9  Petitioner into custody and require Petitioner to appear at a credible fear interview without counsel
10 present, "that I would be seeking a habeas corpus and requesting a restraining order the next day."
11 *Id.,* ¶¶ 7, 8. Ramorino attests that on June 13, 2008, "I received a fax that was a Warrant for Arrest
12 of Alien from Officer Rosas-Carranza directing any officer of the Immigration and Naturalization
13 Service to take [Petitioner] into custody." *Id., ¶* 9. Petitioner requests that the Court issue a
14 Temporary Restraining Order to prevent Respondents from taking Petitioner into custody and from
15 "forcing [Petitioner] to apply for political asylum under § 23[5]." *Request for TRO,* p. 1, 4.

**Applicable Law**

17 Rule 65 of the Federal Rules of Civil Procedure governs the issuance of a Temporary
18 Restraining Order. FED. R. CIV. P. 65(b). Rule 65(b) states:

> (1) The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

*Id.*

25 Section 235 of the Immigration and Nationality Act governs the inspection by immigration
26 officers of aliens at ports-of-entry into the United States. 8 U.S.C. § 1225. Section 235(b) provides
27 that if an immigration officer determines that an alien who is arriving in the United States "indicates
28 either an intention to apply for asylum under section 208 [8 USCS § 1158] or a fear of persecution,

1  the officer shall refer the alien for an interview by an asylum officer." 8 U.S.C. § 1225(b)(1)(A).
2  Section 208 provides that "[a]ny alien who is physically present in the United States or who arrives
3  in the United States . . . irrespective of such alien's statues, may apply for asylum in accordance with
4  this section, or, where applicable, section 235(b)." 8 U.S.C. 1158(a)(1).

5  An alien who is otherwise subject to removal, but indicates an intention to apply for asylum,
6  shall be "referred for an interview by an asylum officer in accordance with 8 C.F.R. 208.30." 8 C.F.R.
7  § 235.3(b)(iii)(4). 8 C.F.R. 208.30 provides that an asylum officer shall conduct an interview of the
8  alien to determine whether the "alien has a credible fear of persecution." 8 C.F.R. § 208.30. "Pending
9  the credible fear determination by an asylum officer and any review of that determination by an
10 immigration judge, the alien shall be detained," unless the alien is paroled, at the discretion of the
11 Attorney General, pursuant to section 212(d)(5) of the Immigration and Nationality Act. 8 U.S.C. §
12 1225(b)(1)(B); 8 C.F.R. § 235.3(b)(iii)(4). Pursuant to section 212(d)(5) of the Immigration and
13 Nationality Act, the Attorney General may, in his discretion, parole an alien into the United States
14 "temporarily under such conditions as he may prescribe only on a case-by-case basis." 8 U.S.C.
15 1182(d)(5). In cases involving an alien who had been paroled into the United Sates, but whose parole
16 has expired or is terminated,

> the asylum officer shall proceed in accordance with § 235.3(b) . . . . If such applicant is found to have a credible fear of persecution or torture based on information elicited from the asylum interview, an asylum officer may refer the applicant directly to an immigration judge . . . without conducting a separate credible fear interview pursuant to § 208.30. If such applicant is not found to have a credible fear based on information elicited at the asylum interview, an asylum officer will conduct a credible fear interview and the applicant will be subject to the credible fear process specified in § 208.30(b).

8 C.F.R. 208.14.

## Ruling of the Court

23 Petitioner requests that the Court issue a Temporary Restraining Order to prevent Respondents
24 from taking Petitioner into custody and from "forcing [Petitioner] to apply for political asylum under
25 § 23[5]." *Request for TRO,* p. 1, 4. Petitioner states that her parole was valid until June 8, 2008.
26 Petitioner's counsel attests that a warrant for Petitioner's arrest issued on June 13, 2008. Petitioner
27 does not state any grounds to challenge the validity of the arrest warrant. The Court notes that the
28 regulations governing both sections 208 and 235 of the Immigration and Nationality Act provide that

1  the asylum officer has discretion to require the applicant to appear at a credible fear interview.
2  However, even if Petitioner is correct that requiring her to apply for political asylum under section 235
3  instead of section 208 of the Immigration and Nationality Act raises due process concerns, Petitioner
4  does not state when she will be required to appear for her credible fear interview, that such interview
5  is imminent, or that she will otherwise suffer immediate and irreparable injury before Respondents
6  can be heard in opposition as a result of Respondents' allegedly requiring her to apply for political
7  asylum under section 235 instead of section 208.  The Court concludes that Petitioner fails to provide
8  "specific facts in an affidavit or verified complaint [that] clearly show that immediate and irreparable
9  injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."
10 FED. R. CIV. P. 65(b)(1)(A).

11 Petitioner's counsel attests that he informed Officer Rosas-Carranza that he would request a
12 temporary restraining order if Rosas-Carranza maintained the position that she intended to take
13 Petitioner into custody, and submitted a certificate of service stating that a copy of the Request for
14 TRO was served upon Respondents and "oral notice to Officer Adriana Rosas-Carranza on 6-13-08."
15 *Request for TRO,* p. 6-7.  The Court concludes, however, that the Petitioner's attorney has failed to
16 sufficiently "certify in writing any efforts to give notice and the reasons why it should not be
17 required." FED. R. CIV. P. 65(b)(1)(B).

18 Petitioner has failed to comply with the requirements prescribed in Rule 65 of the Federal
19 Rules of Civil Procedure.  The Court denies the Request for TRO.

20 **Conclusion**

21 The Ex Parte Request for Temporary Restraining Order (Doc. # 2) is **DENIED**.

22 DATED:  June 17, 2008

23 *William Q. Hayes*
**WILLIAM Q. HAYES**
24 United States District Judge